**ALD-019**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2447
_____

DERRICK JOHNSON,

Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-01842)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2013

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 19, 2013)
_____

O P I N I O N
_____

PER CURIAM

Derrick Johnson, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the Middle District of Pennsylvania dismissing his

1

complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). There being no substantial question presented on appeal, we will summarily affirm. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Johnson filed a pro se complaint in 2012. As the Magistrate Judge described it, the complaint was "in part a polemic, expressing his views on the constitution," coupled with a "demand" that the court "abrogate the judicial immunity of" judges who presided over his proceedings, along with a request to pursue a private criminal action against federal judges and prosecutors in Texas. (Dkt. No. 5, p. 1.) The Magistrate Judge determined that, to the extent Johnson's complaint sought relief that he was "not entitled to receive," namely, the abrogation of immunity for judges and prosecutors, it failed to state a claim upon which relief could be granted. (Id. pp. 8-9.) The Magistrate Judge also determined that Johnson legally could not bring a private action against judges and prosecutors. Finally, to the extent that Johnson was challenging his federal conviction in Texas, the Magistrate Judge concluded that he needed to pursue relief through a 28 U.S.C. § 2255 motion in that judicial district, and recommended dismissing his complaint with prejudice. (Id. p. 13.)

After considering Johnson's objections, the District Court conducted a de novo review and adopted the Magistrate Judge's report and recommendation. Though Johnson wrote "extensively as to why he believes judicial immunity is unconstitutional," the District Court determined that he made no allegations that the judges presiding over his cases "acted outside the scope of judicial duties or without jurisdiction." (Dkt. No. 16, p.

2

4.)  The District Court also noted that, even though it was Johnson's "opinion" that "every form of immunity" was unconstitutional, "it is certainly not the law."  (Id. p. 5.) Finally, the District Court agreed that Johnson's "exclusive remedy" was to file a § 2255 motion in the Northern District of Texas, where he was tried and sentenced.  (Id. p. 7.) Johnson's complaint was dismissed with prejudice, and leave to amend was denied as futile.  He timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Upon review, we conclude that the District Court properly dismissed Johnson's complaint, and that it did not abuse its discretion in denying leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Johnson's claims against any individual judges were barred by the doctrine of absolute judicial immunity.  A judge is immune from liability for all actions taken in his or her judicial capacity, unless such action is taken in the absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  As the District Court pointed out, Johnson made no allegations that the judges acted outside of their judicial capacity or in the absence of jurisdiction.  Further, prosecutors are absolutely immune from liability for actions performed "in a quasi-judicial role," including filing and bringing criminal charges against a defendant.  Yarris v. Cnty. of Del., 465 F.3d 129, 135 (3d Cir. 2006). Again, nothing in Johnson's complaint justified abrogating that immunity.  Nor could Johnson bring a private criminal complaint against the judges or prosecutors, as "a

private citizen lacks a judicially cognizable interest in the prosecution . . . of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Finally, to the extent that Johnson was attacking his conviction and the sentence imposed by the United States District Court for the Northern District of Texas, we agree with the District Court that he must file a § 2255 motion in that district. 28 U.S.C. §§ 2255(a) and (e).

### III.

Miller's appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. All pending motions are denied.